## BADGER *vs.* BURLEIGH.

In actions upon contracts not under seal, the declaration should set forth the consideration, as well as the promise founded upon it. And if there be more than one consideration, the whole must be alleged, and proved as laid. But it is sufficient to state so much of the contract, where it consists of several distinct parts, as contains the entire consideration, and the promise of which the plaintiff alleges a breach.

The plaintiff purchased a horse of the defendant, who warranted him sound, kind, and manageable, and agreed that if he were not so, and did not suit the plaintiff, he would take him back. The plaintiff's agent, at the time the contract was made, said that if the horse was injured while in the plaintiff's possession he should not expect the defendant to take him back. In an action founded upon a breach of the warranty, and a refusal of the defendant to take the horse back ; *Held*, that this declaration, or stipulation, on the part of the plaintiff, was not to be regarded as a part of the consideration for the defendant's promise, and that it was not necessary to state it in the declaration.

ASSUMPSIT. The declaration set forth that on the second of February, 1841, in consideration that the plaintiff would buy of the defendant, at his request, a certain horse, at and for the sum of one hundred and twenty-five dollars, the defendant then and there promised the plaintiff that the horse was sound, kind and manageable, and that if he did not, upon trial made by the plaintiff, prove to be kind and manageable, and did not suit the plaintiff, the defendant would take him back and return the money,—that the plaintiff, confiding in the promises of the defendant, thereafterwards, on the same day, did buy the horse for the price aforesaid. Yet the defendant did not regard his promises, but craftily and subtilly deceived the plaintiff in this, that the horse was not kind and manageable at the time of making said promises and sale, but was unkind, and unmanageable, and in consequence thereof did not upon trial suit the plaintiff; whereupon the plaintiff, on the 19th day of February, 1841, offered and tendered the horse to the defendant, and requested him to pay back said sum of one hundred and twenty-five dollars, which the defendant refused to do.

To prove the contract, a witness introduced by the plaintiff testified that on the 2d day of February, 1841, as the

agent of the plaintiff, and by his direction, he went to the house of the defendant to purchase the horse, and told the defendant that he had come to get the horse for the plaintiff, —that the defendant, in answer to a question, said he would warrant the horse perfectly kind, sound, and manageable, and take him back if the horse did not suit the plaintiff, and refund the money. The witness then told the defendant he would take him on those conditions, and paid the money.

The witness further testified that he told the defendant if the horse was hurt while in the plaintiff's possession, the witness would make it good; by which he meant to be understood that the plaintiff would be bound to make it good to the defendant, and that if the plaintiff did not, the witness would pay for the injury. He said to the defendant that if the horse was injured, he would not expect him to take him back.

The defendant objected, that the contract proved did not sustain the declaration, and moved the court to nonsuit the plaintiff, on the ground of a variance.

The court overruled the objection, and instructed the jury that, if believed by them, the evidence was sufficient to sustain the declaration.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial.

*Christie*, for the defendant. Here is a variance. The whole contract is not stated. It was a part of the contract that the plaintiff should pay the damages if the horse was injured. This was part of the consideration of the defendant's contract, and should have been so set forth. 6 *East* 564, *Clarke* vs. *Gray* ; 3 *Bing*. 472, *Blyth* vs. *Bampton* ; 1 *D. & E*. 447, *Churchill* vs. *Wilkins* ; 1 *Chitty's Pl*. 324, last Ed. ; *Phil. & Amos' Evid*. 855 ; 2 *Doug*. 665, *Bristow* vs. *Wright* ; 2 *B. & P*. 116, *White* vs. *Wilson* ; 2 *East* 2, *Penny* vs. *Porter* ; 4 *Taunt*. 320, *Brown* vs. *Sayce* ; Ditto 700, *Pool* vs. *Court* ; 4 *B. & Cres*. 445, *Jones* vs. *Cowley* ;

Badger v. Burleigh.

5 *B. & C.* 909, *Sanderson* vs. *Griffith ;* 8 *N. H. Rep.* 156, *Knox* vs. *Martin.*

*Emery,* for the plaintiff, suggested that if this were part of the contract, it was only what the law would have required without any contract ; and that it was probable there were different conversations, at one of which it was said that if the horse was injured, the defendant should not be bound to take him back ; and that at another time it was said that if injured he would pay the damages. It was too vague and uncertain to be legally enforced. 2 *Barn. & Adolph.* 232, *Guthing* vs. *Lynn.* He contended that it was enough to state that part of the contract which the plaintiff alleged had been broken. 13 *East* 19, *Tempest* vs. *Rawlings ;* 2 *Stark. Ev.* 60, *last Am. Ed.*

PARKER, C. J. The rules of pleading, in actions upon contracts not under seal, require that the declaration should set forth the consideration, as well as the promise founded upon it. And if there be more than one consideration, the whole must be alleged and proved as laid. 3 *Caines' R.* 286, *Lansing* vs. *McKillip.* But it is sufficient to state so much of the contract, when it consists of several distinct parts, as contains the entire consideration for the defendant's promise, and that part of the promise of which the plaintiff alleges a breach. 4 *Taunt.* 285, *Cotterill* vs. *Cuff ;* 6 *East* 567, *Clarke* vs. *Gray ;* 8 *East* 7, *Miles* vs. *Sheward.*

Where there are several distinct considerations for several distinct promises, not having any necessary dependence upon each other, they may be treated as several contracts, although made at the same time. But where there is an entire consideration for several promises, constituting one contract, or several considerations applicable equally to the several parts of the defendant's contract, the whole of the consideration must be stated, otherwise that part of the contract which is alleged to be broken would not in fact be truly set forth.

Let us enquire, then, what was the contract on the part of the defendant, for the breach of which the plaintiff seeks to recover damages, and what was the consideration upon which the defendant entered into that contract.

The contract, which the plaintiff alleges was broken by the defendant, was an engagement on the part of the defendant that the horse was sound, kind, and manageable, and that if on trial he did not prove to be kind and manageable, and did not suit the plaintiff, he would take him back, and return the money. The plaintiff alleges that the horse was not kind and manageable, and in consequence thereof did not suit him; and thereupon he offered to return him, but the defendant refused to receive him. This contract, in the express terms of it, was proved by the witness, and to the satisfaction of the jury; and of the breach of it, if it existed, there does not appear to have been any question. So far as the case discloses, this was the entire stipulation on the part of the defendant, and there is no objection that the declaration does not contain sufficient averments in this respect.

The consideration of the contract, as set forth in the declaration, was the purchase of the horse by the plaintiff for the sum of $125, and this is also established by the evidence.

But, at the time the contract was made, the agent who made the purchase for the plaintiff said that if the horse was injured while the plaintiff had the possession of him, he would make it good; and again, that if injured he would not expect the defendant to take him back. Was it necessary to state this, and to negative any injury in the declaration? It is apparent that this forms no part of the defendant's promise. If the defendant's contract had been, in terms, that he would take back the horse, if he proved not to be sound or kind, provided he was returned uninjured, or on condition that the damage for any injury that he had sustained should be paid, it might have been necessary to state that, in stating the defendant's contract, because he

would thereby have made it part and parcel of his promise. But according to the evidence, he did not promise that he would take him back in case he was not injured. That may have been, in point of law, a limitation of his liability, had nothing been said upon the subject; so that he could use any injury that might have happened, by way of defence; but he placed no such limitation in terms upon his promise. And it seems to us equally clear, that what was said by the plaintiff's agent upon that occasion, even if it were construed to be an engagement of the plaintiff himself, should not be regarded as part of the consideration for the defendant's promise. It was not part of the equivalent for which the defendant parted with the horse, and made the promise declared on, but was collateral to it. The consideration for the sale, warranty, and agreement to take back, was, as the declaration alleges, the purchase by the plaintiff, and the payment of the money. What was said about paying damages, in case of injury to the horse, and about the defendant's not taking him back, if injured, (even if it be regarded as an agreement of the plaintiff not to require the defendant to take the horse back, in pursuance of his promise, in case he should be injured,) related to something which might occur subsequent to the sale, and may well be regarded as a collateral engagement on the part of the plaintiff, of which the defendant might avail himself in defence, or by way of action. It may be true that the defendant would not have sold the horse, and made the contract he did, without such a stipulation; but that does not prove that the stipulation was part of the consideration. If it did, every collateral engagement on the part of the purchaser, must be so in every case; for it may be said that without them the vender would not have made the sale. And it may be true, that if the justice of the case required it, this stipulation might be held to operate as a limitation, or qualification upon the defendant's agreement. But the enquiry here is, what did the vender receive, either by way of money, promises, or otherwise, as the equivalent for the

sale of the horse, and the contract which he made; and what shape did his promise take, thereupon? The equivalent received by the defendant for his promise is one thing. The plaintiff may have made engagements respecting the subject matter of the sale, which are quite another matter.

Furthermore: the evidence puts the declarations, or stipulations, on the part of the plaintiff, in two different forms. One, that in case of injury while in the plaintiff's possession, damages should be paid; implying that the defendant was to receive the horse back, notwithstanding the injury. The other, that in case of such injury he should not be obliged to receive him. In the first case, it would clearly show an independent stipulation on the part of the plaintiff, forming the substantive ground of another action, but forming no defence to this, and not material to be stated here; and in the other, it may be regarded but as a proviso, or condition, going merely in defeasance of the defendant's contract, in a certain event, and not qualifying the contract itself; and which, therefore, it was not necessary to set forth, for the reason that it ought to come from the other side, being no part of the consideration. 1 *Saund.* 233, *note* 2; 1 *D. & E.* 645, *Hotham* vs. *The East India Company*; 1 *Levinz* 88, *Elliot* vs. *Blake.* And for the additional reason, that it does not change the nature of the defendant's contract; because, as has been said in the argument, it is no more than the law would imply without any express contract. A variance is immaterial which does not change the nature of the contract. 7 *Cranch* 409, 413, *Ferguson* vs. *Harwood.*

In the case of *Blyth* vs. *Bampton*, 3 *Bingh.* 472, it is said that Mr. Ch. Jus. Best regretted the state of the law with respect to variances, and pointed out the expediency of adhering to the decisions on the subject, in order that the inconvenience might be generally felt, and the law altered. There is perhaps some mistake, in this particular, in the report of the case, although the dissenting opinion of Mr. Justice Gaselee certainly tends very strongly to show that the court

Badger *v.* Burleigh.

might, upon sound principles, have arrived at a different result. No court can have a desire to enforce rules of pleading in such a manner that the legislature should thereby be induced to change them, on account of the hardship of their operation.

In *Ferguson* vs. *Harwood* it is said, that "in general, courts of law lean against an extension of the principles applied to cases of variance. Mistakes of this nature are usually mere slips of attornies, and do not touch the merits of the case." As a mode of practice, if highly detrimental, the court might change the rule. *Doug.* 668.

We are quite satisfied that there is no necessity for putting the parties to the expense of an amendment, and of another trial, for the want of an averment in the declaration, which, so far as the evidence discloses, would have been of no consequence whatever, in case it had been inserted.

*Judgment on the verdict.*